IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ATTILA KNOTT          :

    v.                :   Civil Action No. DKC 13-2486

RUTH WEDGWOOD         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this attorney malpractice case is an unopposed motion to dismiss filed by Defendant Ruth Wedgwood. (ECF No. 55). Plaintiff Attila Knott, a resident of Budapest, Hungary, was indicted by a grand jury in the U.S. District Court for the District of Connecticut on May 22, 2002 on various counts of mail, wire, and bank fraud. (ECF No. 1 ¶ 8). Plaintiff asserts that his incarceration began in Dresden, Germany in October 2008. Then, between November and December 2008, Plaintiff's "German criminal attorney Endrik Wilhelm" recommended the legal services of attorney Ruth Wedgwood – Defendant in this case - to Mr. Knott. Plaintiff asserts that Endrik Wilhelm "recommended [Ms. Wedgwood's] services as a legal expert in international criminal law to represent the plaintiff in Germany and the United States, pending his extradition to the United States to face criminal charges." (*Id.* ¶ 9). Plaintiff represents that he never

executed a retainer with Ms. Wedgwood and never gave her "verbal authority to act as his attorney." (*Id.* ¶ 15). Yet Ms. Wedgwood allegedly charged Plaintiff for: time spent on legal research; meetings with Plaintiff in Germany and the United States; and calls with his attorney in Germany. Plaintiff also alleges that Ms. Wedgwood billed him for time spent dining with Endrik Wilhelm.

Plaintiff returned to the United States in April of 2009, where he was confined at the Wyatt Detention Center in Rhode Island. (*Id.* ¶ 26). Plaintiff asserts that "[w]hen the [D]efendant came to the Wyatt Detention Center in Rhode Island to meet with the [P]laintiff he advised her that he did not wish her to serve as his attorney" and he retained Robert Mann as his new attorney to represent him in plea negotiations, hearings, and through trial. (*Id.* ¶¶ 26-27). On June 29, 2009, Plaintiff pled guilty to bank fraud and mail fraud. (*See* ECF No. 55-3); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (the court "may properly take judicial notice of matters of public record" on a motion to dismiss). On November 20, 2009, Judge Christopher Droney sentenced Plaintiff in the U.S. District Court for the District of Connecticut to the period of

time already served (nine months) and ordered that Plaintiff pay a fine in the amount of $10,000. (ECF No. 55-4, at 20).[1]

On March 31, 2011, Plaintiff filed a complaint against Ruth Wedgwood in the U.S. District Court for the District of Connecticut, alleging that she charged him for legal services before they executed a retainer agreement, and that "due to defendant's professional negligence and misfeasance while acting as plaintiff's counsel, the plaintiff was cause[d] to serve an additional 8 months in prison and deprived of his freedom, liberty and civil rights." (ECF No. 1 ¶ 39). Although Plaintiff does not explicitly identify the two causes of action he asserts in the complaint, Defendant construes the complaint as alleging breach of contract and negligent representation against Ms. Wedgwood. This case was transferred to this court on August 28, 2013 upon the parties' joint request.[2] The undersigned issued an order to show cause on January 24, 2014, noting that although Plaintiff was represented by counsel prior to transfer, no appearance had been entered in this court. (ECF

---

[1] Judge Droney noted that Plaintiff already paid all of the restitution. He also stated that Plaintiff "already served nine months in prison, including five months in particularly difficult conditions in Germany." (ECF No. 55-4, at 19).

[2] Defendant initially moved to dismiss the complaint in the District Court for the District of Connecticut on June 30, 2011. The court issued an electronic order on January 31, 2012 denying without prejudice Defendant's motion to dismiss in light of the parties' pursuit of mediation. (ECF No. 26).

No. 48).  Connecticut counsel for Plaintiff and Defendant were unable to supply any contact information for Plaintiff. Accordingly, the undersigned ordered Plaintiff to show cause no later than February 14, 2014 as to why this case should not be dismissed.  The undersigned warned that "[f]ailure to respond will result in dismissal of this case without further notice." (*Id.* at 2).  Stephen Krawitz, a New York attorney who represented Plaintiff before the case was transferred from Connecticut, submitted memoranda stating that he has been retained to represent Plaintiff in the instant matter.  Citing personal reasons, Mr. Krawitz requested an extension until February 28, 2014 to apply for admission *pro hac vice* and enter his appearance in the case.  (*See* ECF Nos. 51, 53).  Defendant submitted a letter objecting to this request as a dilatory tactic.  On March 21, 2014, Maury Epner entered his appearance as co-counsel for Plaintiff.  The record reflects that Mr. Krawitz still has not moved for admission *pro hac vice*.[3]

Defendant moved to dismiss on March 19, 2014.  (ECF No. 55).  Defendant asserts two bases for dismissal.  First, Defendant argues that the court lacks subject matter jurisdiction over the first count in the complaint because

---

[3] In the latest correspondence from Mr. Krawitz on February 26, 2014, he requested that the undersigned allow him until March 14, 2014, to "fully submit" his application for *pro hac vice* admission.  (ECF No. 53).

4

Plaintiff seeks $54,253 in damages in connection with the claim that Defendant overbilled him and that she charged him for work performed before they executed a retainer agreement. Plaintiff cites diversity as the jurisdictional basis, but Defendant points out that the amount in controversy for the first count does not exceed $75,000. In the second count, Plaintiff alleges that Defendant:

> was negligent and incompetent in the practice of law in that [she] negligently failed to properly advise the plaintiff of his legal options, billed for legal services that had no benefit to the plaintiff and failed to negotiate or obtain a favorable plea agreement, which was available at the time she was acting as plaintiff's counsel, which would have substantially reduced the time plaintiff was incarcerated.

(ECF No. 1 ¶ 48). With respect to this claim, Plaintiff asserts that he has been damaged "in a sum in excess of the minimum jurisdictional limits of this Court." (*Id.* ¶ 49). As to this count, Defendant argues that Plaintiff fails to state a claim for relief. Plaintiff's negligence claim is premised on the idea that he would have received a shorter sentence (than being credited for time served, totaling nine months) had Ms. Wedgwood negotiated a plea with the Government earlier in the criminal proceeding, specifically while he was in custody in Germany. Defendant explains:

> Plaintiff's basic theory of recovery is that he was injured by his decision to fight

5

> extradition in Germany instead of returning immediately to the United States. According to Plaintiff, the decision to delay returning to the U.S. was the result of Ms. Wedgwood's allegedly deficient legal advice.

(ECF No. 55, at 10). Defendant argues that Plaintiff's theory of negligence against Ms. Wedgwood is premised on speculation that he would have received a shorter sentence had Ms. Wedgwood negotiated a plea with the Government earlier. Specifically, Defendant contends that "Plaintiff cannot possibly carry his burden of proving that, had he returned to the United States promptly after his arrest, rather than fighting his extradition from Germany, he would still have been sentenced to time served, and would therefore have spent eight fewer months behind bars." (*Id.* at 11-12).

To date, Plaintiff has not filed any opposition to the motion, and the time for him to do so has long expired. *See* Local Rule 105.2(a). Defense counsel submitted a filing on April 14, 2014, stating that Mr. Epner, who is local counsel, acknowledged receipt of the motion to dismiss on March 19, 2014 (and formally entered his appearance the next day). (ECF No. 57). The certificate of mailing attached to the memorandum in support of the motion to dismiss indicates that the motion was emailed to Mr. Krawitz on March 19, 2014.

Because Plaintiff failed to file any opposition to the motion, the undersigned has the discretion to dismiss the case

without reaching the merits. Indeed, Judge Hollander recently dismissed the complaint in *White v. Wal Mart Stores, Inc.*, Civil Action No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014), where *pro se* plaintiff failed to oppose defendant's motion to dismiss. Judge Hollander stated that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion. *Id.* (*quoting Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."). Although the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," this is not the case here. *White*, 2014 WL 1369609, at *2 (*quoting United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D.Md. Aug. 25, 2000)). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *White*, 2014 WL 1369609, at *2 ("[i]n light of plaintiff's failure to oppose the [m]otion, I can only assume that plaintiff concedes that her

7

Complaint is deficient for the reasons stated by defendant."). There is no obvious lack of merit in Defendant's motion given the allegations contained in Plaintiff's complaint. Accordingly, Defendant's motion to dismiss will be granted. A separate order will follow.

<pre>
                              /s/
              DEBORAH K. CHASANOW
              United States District Judge
</pre>